UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:18-cv-05280 AB (KES)                                    Date: October 4, 2021

Title: REMONDO BELL v. ELISEA MAHONEY, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE Why Defendants and Their Counsel Should Not Be Sanctioned for Violating Court Orders and Guidelines Governing Discovery

**I.   BACKGROUND.**

**A.   FACTUAL ALLEGATIONS.**

Plaintiff alleges that in April and May 2015, he was treated for gunshot wounds at the USC Medical Center and prescribed Neurontin for neuropathic pain. When he was transferred to Los Angeles County Jail ("LACJ") as a pretrial detainee, Defendants refused to continue his Neurontin medication and substituted Elavil instead. In August and September 2015, Plaintiff returned to USC Medical Center for care related to a slip-and-fall injury where physicians emphasized that Elavil is not an adequate substitute for Neurontin. When Plaintiff returned to LACJ, Defendants again refused to prescribe Neurontin, instead increasing his Elavil dosage. As a result, Plaintiff alleges that he developed Steven-Johnson Syndrome. After multiple complaints by Plaintiff to the ACLU related to his healthcare, Plaintiff alleges that Defendants retaliated by excluding him from physical therapy and the use of a walker.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-05280 AB (KES) | Date: October 4, 2021 |
| | Page 2 |

     Plaintiff contends that Defendants violated his Fourteenth Amendment rights to adequate medical care when they misprescribed Elavil and his First Amendment rights to be free from retaliation. Plaintiff also alleges official capacity claims against the County of Los Angeles ("County") and Los Angeles Sheriff's Department ("LASD") for deficient policies, procedures, and training related to prescribing Neurontin and Elavil, substituting medications, responding to medical recommendations made by USC Medical Center physicians, transferring inmates with acute medical issues, and monitoring and treating inmates with Steven-Johnson Syndrome.

### B.    DISCOVERY ORDERS AND GUIDELINES.

     On December 9, 2019, the Court found that Defendants' refusal to produce relevant discovery was not substantially justified and awarded *pro se* Plaintiff his costs in bringing multiple motions to compel. (Dkt. 94.) Specifically, the Court overruled Defendants' boilerplate overbroad and burdensome objections, concluding that Plaintiff's requests sought "discrete information necessary to accomplish service." (Id. at 3.)

     On July 22, 2020, the Court issued a Case Management Order to "secure the just, speedy, and inexpensive determination of this action." (Dkt. 121 ["CMO"] at 1.) The CMO directed Defendants to produce certain medical records and other relevant documents ("Initial Production") no later than September 10, 2021. (Id. § A.1.) The CMO also admonished Defendants:

> Self-represented litigants are entitled to discovery in civil rights actions to the same extent as parties represented by counsel. The Court expects that parties responding to discovery requests drafted by pro se litigants will interpret the requests in a common-sense fashion and provide available, relevant information.

(Id. § B.1.) Similarly, the Central District of California Civility and Professionalism Guidelines require:

> [Attorneys will] respond to document requests [and interrogatories] in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents. … [Attorneys] will base [their] interrogatory objections on a good faith belief in their merit and not for the purpose of withholding or delaying the disclosure of relevant information. If an interrogatory is objectionable in part, [an attorney] will answer the unobjectionable part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:18-cv-05280 AB (KES)                                              Date: October 4, 2021
                                                                                                        Page 3

<http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines>; see also District Judge Birotte's Procedures, available at <http://www.cacd.uscourts.gov/honorable-andr%C3%A9-birotte-jr> ("Counsel are advised to review and adhere to the Central District's Civility and Professionalism Guidelines.").

On September 10, 2020, Defendants attempted to serve Plaintiff with the Initial Production but after the Twin Towers Correctional Facility refused to accept them, counsel made no contemporaneous effort to determine why the documents were refused or how Defendants could effectively serve Plaintiff with the discovery. (See Dkt. 149 at 2.) On November 2, 2020, the Court admonished Defendants that it "will consider sanctions if the Medical Records Discovery are not served on Plaintiff without further delay." (Dkt. 135.) On December 9, 2020, after Defendants failed to confirm whether the Initial Production had been served on Plaintiff, the Court gave Defendants until December 16, 2020 "to file an updated status report that confirms by affidavit or declaration … the date that Plaintiff received the [Initial Production.]" (Dkt. 146.) On December 14, 2020, Plaintiff informed the Court that while he received some of the Initial Production on November 10, 2020, the production was incomplete. (Dkt. 147.) On December 18, 2020, the Court ordered Defendants to produce the remainder of the Initial Production no later than December 30. (Dkt. 149 at 3.) While the Court declined to sanction Defendants for their intransigence, the Court "warned [Defendants] that the Court will consider granting sanctions … if their dilatory tactics continue." (Id.)

## II.   CURRENT DISCOVERY DISPUTES.

### A.   RFPs.

On February 24, 2021, Plaintiff propounded separate requests for production of documents ("RFPs") to the County, Jin Quan Yang, Julian C. Wallace, Stuart Shear, Nikolay T. Teophilov, Wilbur Williams, Elister Wilmore, and LASD (collectively, "RFP Defendants"). (Dkt. 170 at 130.) Each RFP Defendant responded only with objections on March 29, 2021, refusing to produce *any* responsive information. (Id.) Despite meeting and conferring with Plaintiff on May 17, May 21, and June 8, 2021, RFP Defendants did not supplement their responses. (Id. at 134.) Plaintiff filed a motion to compel on September 28, 2021. (Dkt. 170.)

RFP Defendants' responses to the RFPs do not demonstrate a good faith effort to comply with the Court's orders and guidelines. RFP Defendants have not interpreted the requests of the *pro se* Plaintiff in a common-sense fashion and provided available, relevant information. Instead, RFP Defendants have strained to interpret Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. 2:18-cv-05280 AB (KES) | Date: October 4, 2021 |
| | Page 4 |

requests in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.  For example, RFP Defendants' compound, vague, ambiguous, and overbroad objections are mere boilerplate and fail to be "plain enough and *specific* enough so that [Plaintiff and] the court can understand in what way the [discovery requests] are alleged to be objectionable."  Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  RFP Defendants' "assumes facts which have not been established" objection not only lacks specificity but is not proper in responding to a request for documents.  In sum, *none* of the *pro se* Plaintiff's requests were so compound, vague, ambiguous, or overbroad "that [Defendants] could not, in good faith, frame an intelligent reply using wording clarifying what [Defendants] believe[ ] is meant."  Vlasich v. Fishback, No. 05 CV 1615, 2009 WL 1309727, at *5, 2009 U.S. Dist. LEXIS 43098, at *12–13 (E.D. Cal. May 11, 2009), on reconsideration in part, No. 05 CV 1615, 2009 WL 1740576, 2009 U.S. Dist. LEXIS 50209 (E.D. Cal. June 18, 2009).

RFP Defendants *vaguely* contend that many of the requests seek documents that are not relevant.  Relevancy is *broadly construed* and requests for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party.  Surfvivor Media, Inc., v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).  The Court generally finds that Plaintiff's requests seek information related to his First and Fourteenth Amendment claims, as well as his official capacity claims against the County and LASD.  Because Plaintiff's official capacity claims implicate the general policies and procedures of public entities, he is likely entitled to documents from the County and LASD that concern other inmates or pretrial detainees.

**B.    ROGs.**

On February 24, 2021, Plaintiff propounded interrogatories ("ROGs") to the County, LASD, Dr. Yang, Dr. Wallace, and Dr. Teophilov (collective, "ROG Defendants").[1]  (Dkt. 171 at 50.)  With very limited exceptions, each ROG Defendant responded only with objections on April 15, 2021, and did not provide *any* substantive responses.  (Id. at 53–99.)  Despite meeting and conferring with Plaintiff on April 22, April 29, May 5, May 17, and June 8, 2021, ROG Defendants did not supplement their responses.  (Id.)  Plaintiff filed a motion to compel on September 29, 2021.  (Dkt. 171.)

---

[1] Plaintiff also propounded separate interrogatories to Defendants Dr. Shear, Dr. Wilmore, and Dr. Williams, who each responded only to the first 25 interrogatories.  (Dkt. 166).  Plaintiff has filed a motion to compel these Defendants to answer the remaining interrogatories.  Defendants' interrogatory responses to these Defendants are not the subject of this OSC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:18-cv-05280 AB (KES)                                    Date: October 4, 2021
                                                                                                                Page 5

      ROG Defendants' responses to the ROGs do not demonstrate a good faith effort to comply with the Court's orders and guidelines.  ROG Defendants have not interpreted the requests of the *pro se* Plaintiff in a common-sense fashion and responded with available, relevant information.  Instead, ROG Defendants have strained to interpret Plaintiff's requests in an artificially restrictive manner merely for the purpose of withholding or delaying the disclosure of relevant information.  As emphasized above, *none* of Plaintiff's ROGs were so compound, vague, ambiguous, or overbroad that ROG Defendants could not, in good faith, frame an intelligent reply using wording clarifying what ROG Defendants believe Plaintiff meant.  Further, even if an interrogatory was legitimately objectionable in part, counsel for the ROG Defendants should have answered the unobjectionable part.

      ROG Defendants' relevancy objections were also not made in good faith.  Plaintiff is entitled to broad discovery reasonably related to his First and Fourteenth Amendment claims.  He is also entitled to broad discovery from the County and LASD related to his official capacity claims.  The County's assertion that information about training and policies is not relevant (Dkt. 171 at 80–89) does not exhibit a good faith effort to meaningfully participate in discovery.  Indeed, Defendants will likely need this information to *defend* themselves against Plaintiff's official capacity claims.

### III.    OSC.

      Accordingly, Defendants are ORDERED, on or before **October 15, 2021**, to show cause in writing why they and their counsel should not be sanctioned for violating court orders and district court guidelines for discovery.[2]  Defendants may choose to discharge this OSC by (1) serving supplement written responses to the outstanding ROGs and RFPs and filing a copy with the Court, which meet the letter and spirit of the Court's CMO and Central District of California Civility and Professionalism Guidelines; and (2) producing relevant responsive documents to Plaintiff.  The Court expects that lead counsel for Defendants will be actively involved in drafting appropriate supplemental responses to the ROGs and RFPs.  The Court further expect that lead counsel will ensure the timely delivery of responsive documents to Plaintiff.

                                                                            Initials of Deputy Clerk JD

---

[2] Applicable sanctions could include coercive fines payable to the court.  See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th Cir. 1992); Knickerbocker v. Corinthian Colleges, 298 F.R.D. 670, 682 (W.D. Wash. 2014).